UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVONTE HARTSFIELD,<br><br>                              Petitioner,<br><br>v.<br><br>CDCR, THE PEOPLE,<br><br>                            Respondents. | Case No.:  26-cv-2116-LL-BJW<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>**[ECF No. 2]** |

On March 20, 2026, Petitioner Avonte Hartsfield ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the Eastern District of California, challenging a 2024 San Diego County Superior Court judgment of conviction, along with a motion to proceed in forma pauperis. ECF Nos. 1–2. On April 2, 2026, the case was transferred to this district. *See* ECF Nos. 6–8.

For the reasons discussed below, the Court denies Petitioner's motion to proceed in forma pauperis and dismisses the instant habeas action without prejudice.

///

///

///

1

## MOTION TO PROCEED IN FORMA PAUPERIS

A motion to proceed in forma pauperis made by a state prisoner must include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee and "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." R. 3(a)(2), Rules Governing § 2254 Cases (2019); *see also* CivLR 3.2. The motion must also "contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." CivLR 3.2; *see also* 28 U.S.C. § 1915(a)(2).

While Petitioner has submitted the requisite affidavit, Petitioner has failed to provide the Court with the remainder of the required financial information necessary to evaluate this motion, i.e. the prison certificate and the certified copy of his trust fund account statement.[1] *See generally* ECF No. 2. Because Petitioner has not provided the Court with the required financial information, the Court is unable to determine whether he qualifies to proceed in forma pauperis and **DENIES** the motion [ECF No. 2] without prejudice.

Because the Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the instant habeas case is subject to dismissal without prejudice. *See* R. 3(a), Rules Governing § 2254 Cases (2019).

## FAILURE TO NAME A PROPER RESPONDENT

Upon review, Petitioner has also failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a),

---

[1] In the submitted affidavit, Petitioner indicates that he has cash in the form of "approx. $90 in CDCR account," *see* ECF No. 2 at 2, and as such, it appears Petitioner may be able to afford to pay the $5.00 filing fee, which separately supports denial of this motion.

26-cv-2116-LL-BJW

Rules Governing Section 2254 Cases (2019). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.*, quoting R. 2(a), Rules Governing Section 2254 Cases (2019), advisory committee's note.

Here, Petitioner has incorrectly named "CDCR" and "The People" as Respondents. *See* ECF No. 1 at 1. For this Court to entertain the Petition filed in this habeas action, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam); *see also Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968) ("The actual person who is [the] custodian [of the petitioner] must be the respondent.") Thus, the Petition is also subject to dismissal for failure to name a proper Respondent.

## FAILURE TO EXHAUST STATE COURT REMEDIES

Upon review, it also does not appear state court remedies have been exhausted as to any of the enumerated claims in the Petition. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.") "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process.")

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

Petitioner raises four enumerated claims for relief, including claims alleging prosecutorial misconduct, insufficient evidence to support his conviction, ineffective assistance of pretrial and appellate counsel and judicial bias/cumulative error.[2] *See* ECF

---

[2] Petitioner includes with his Petition a lengthy "factual narrative," *see* ECF No. 1 at 16–44, a substantial portion of which appears to recount events occurring during his incarceration, including but not limited to allegations of harassment and abuse, denial of law library access, withheld mail, disciplinary infractions, retaliation, and loss and/or denial of property. *See id.* at 28–44. Petitioner also appends as exhibits to the Petition a list of CDCR grievance log numbers and copies of correctional documents, including rule violation and incident reports, mental health documents, and restricted housing unit placement notices. *Id.* at 45–72. To the extent Petitioner seeks the Court's intervention with respect to events occurring during his incarceration, such contentions do not appear cognizable on federal habeas corpus. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," while "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison

No. 1 at 5–10. In order to proceed on federal habeas, Petitioner must first exhaust the claims he wishes to present here in the California Supreme Court. Petitioner does not allege that he raised any of the four claims he wishes to present here in the California Supreme Court, instead he indicates he currently has a habeas petition pending in the state superior court raising these issues, *see id.* at 6-11, and generally asserts that: "Although pending in a state habeas corpus matter, the facts of the case reveal an unconstitutional breakdown in the underlying process that cannot be remedied in state court." *Id.* at 12. If Petitioner has raised his claims in the California Supreme Court, he must so specify; otherwise, he must "demonstrate[] that no state remedy remains available." *Johnson*, 88 F.3d at 829.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." R. 4, Rules Governing § 2254 Cases (2019). Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because Petitioner has not exhausted state court remedies as to any of the enumerated claims in the Petition. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."), citing *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

The Court additionally cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a

---

life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973). Any claims or challenges to Petitioner's conditions of confinement must be brought, "'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011).

petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

/ / /

/ / /

/ / /

## **CONCLUSION AND ORDER**

Accordingly, the Court **DENIES** Petitioner's motion to proceed in forma pauperis [ECF No. 2] and **DISMISSES** the instant habeas case without prejudice for failure to satisfy the filing fee requirement, failure to name a proper Respondent on federal habeas corpus, and failure to exhaust state court remedies. If Petitioner wishes to re-open and proceed with this habeas case, Petitioner must submit, no later than **August 10, 2026**, a copy of this Order along with **BOTH**: (1) a completed Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. ***The Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application and a blank 28 U.S.C. § 2254 Amended Habeas Petition form together with a copy of this Order.***

**IT IS SO ORDERED.**

Dated:  June 10, 2026

_____

Honorable Linda Lopez
United States District Judge

7

26-cv-2116-LL-BJW